**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **XUE QIAO,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TODD BLANCHE,**<br><br>**Defendant.** | **Civil Action No.**<br>**26-12668-BEM** |

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION TO DISMISS**

**MURPHY, J.**

In this action, Plaintiff Xue Qiao seeks to compel the Board of Immigration Appeals ("BIA") to adjudicate her pending asylum appeal and her motions to terminate removal proceedings and to remand for adjustment of status. Before the Court now is Defendant Attorney General Todd Blanche's motion to dismiss for failure to state a claim. For the reasons set forth below, the Court will deny Defendant's motion to dismiss.

## I. Background

The Court draws the following facts from Plaintiff's complaint, Dkt. 1 ("Complaint" or "Compl."), and accepts them as true for the purposes of the instant motion.

Plaintiff is a citizen of China who entered the United States on August 14, 2012, as a nonimmigrant student. *Id.* ¶¶ 5, 8. Plaintiff filed an application for asylum in 2013. *Id.* ¶ 8. On May 10, 2019, an immigration judge denied her asylum application and ordered her removed. *Id.* ¶ 9. Plaintiff timely appealed to the BIA in May 2019, and that appeal remains pending. *Id.*

On August 9, 2019, Plaintiff married a U.S. citizen, and U.S. Citizenship and Immigration Services ("USCIS") approved her Form I-130 on June 2, 2023.[1] *Id.* ¶ 10; *see also* Dkt. 1-5. On December 13, 2023, Plaintiff filed a motion to terminate her removal proceedings with the BIA based on her eligibility for adjustment of status as the spouse of a U.S. citizen. *See* Compl. ¶ 11; Dkt. 1-6. On September 23, 2024, Plaintiff moved to remand for a hearing on her application for adjustment of status. *See* Compl. ¶ 12; Dkt. 1-7. Both motions are still pending. Compl. ¶¶ 11–12. "Plaintiff has made multiple status inquiries with no meaningful response or decision from the BIA." *Id.* ¶ 13.

On June 12, 2026, Plaintiff filed her Complaint seeking a writ of mandamus and alleging unreasonable delay under the APA. *See generally* Compl. On August 17, 2026, Defendant moved to dismiss the Complaint for failure to state a claim. *See* Dkts. 8–9. The Court held a hearing on September 28, 2026, which Plaintiff did not attend, and took the motion under advisement.

## II. Legal Standard

Courts analyzing claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure must determine whether a plaintiff's factual allegations—disregarding all "conclusory" statements—"state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making its determination, a court must "accept the truth of all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's favor." *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012). At the pleading stage, a plaintiff need not demonstrate that he is likely to prevail, but the "claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'"

[1] "The I-130 petition allows a citizen or permanent resident of the United States to establish a connection with certain eligible non-citizen relatives (for example, a spouse or a child) so that these relatives may seek a visa or adjustment of status." *Lawrence v. Gonzales*, 446 F.3d 221, 223 n.2 (1st Cir. 2006).

*García-Catalán v. United States*, 734 F.3d 100, 102–03 (1st Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "The inquiry is usually limited to the facts alleged in the complaint, incorporated into the complaint, or susceptible to judicial notice," *Whelden v. U.S. Bank Nat'l Ass'n*, 494 F. Supp. 3d 68, 73 (D. Mass. 2020) (citing *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003)), "but the court may also consider other documents the authenticity of which is not disputed by the parties, documents central to the plaintiff's claim, and documents sufficiently referred to in the complaint," *id.* (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). Finally, "the fact that the plaintiff filed the complaint pro se militates in favor of a liberal reading." *Rodi v. S. New Eng. Sch. of L.*, 389 F.3d 5, 13 (1st Cir. 2004).

## III. <u>Discussion</u>

"The APA states that 'within a reasonable time . . . each agency shall proceed to conclude a matter presented to it,' and that courts 'shall . . . compel agency action unlawfully withheld or unreasonably delayed.'" *Queiroz Gomes v. Bondi*, 2026 WL 1815445, at *3 (D. Mass. June 24, 2026) (first quoting 5 U.S.C. § 555(b), then quoting *id.* § 706(1)). "While the APA does not provide an independent source of subject matter jurisdiction," *Conservation L. Found. v. Busey*, 79 F.3d 1250, 1261 (1st Cir. 1996), the Mandamus and Venue Act ("MVA") vests district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361. "Despite their different requirements, the APA and MVA are generally treated as coextensive for purposes of unreasonable-delay claims." *Durrani v. Bitter*, 2024 WL 4228927, at *2 (D. Mass. Sep. 18, 2024). Ultimately, "[t]he central question in evaluating a claim of

unreasonable delay is whether the agency's delay is so egregious as to warrant mandamus."[2] *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008) (internal quotation marks omitted).

To state a claim for unreasonable delay under the APA, a plaintiff must assert (1) "that an agency failed to take a discrete agency action that it is required to take," *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis omitted), and (2) "that the delay was unreasonable," *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023). Defendant does not dispute that the BIA has the duty to adjudicate her pending asylum appeal and motions. "The crux of the APA claim is the second element: whether the agency's delay is unreasonable." *Durrani*, 2024 WL 4228927, at *3.

When evaluating whether an agency's delay is unreasonable, courts apply the six factors articulated in *Telecommunications Research & Action Center v. FCC* ("*TRAC*"):

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

750 F.2d 70, 80 (D.C. Cir. 1984) (citations and internal quotation marks omitted). However, "[w]hether the *TRAC* factors apply at the pleading stage remains an open question in the First Circuit," and "[e]ven within this Court, sessions disagree." *Rezaii v. Kennedy*, 2025 WL 750215, at *4 (D. Mass. Feb. 24, 2025). Most judges in this District "evaluate the *TRAC* factors at the

[2] Because Plaintiff's "ability to state a claim under the Mandamus Act rises and falls with [her] ability to state a claim under the APA," *Muniz v. Miller*, 2024 WL 624827, at *6 n.1 (D. Mass. Feb. 14, 2024), "the Court does not separately address those two claims and instead only analyzes the merits of the unreasonable administrative delay claim under the APA," *Rezaii v. Kennedy*, 2025 WL 750215, at *4 n.3 (D. Mass. Feb. 24, 2025).

motion to dismiss stage." *Id.* (collecting cases). Others "decline to dismiss similar claims regarding the untimely processing of immigration benefits absent a factual record."[3] *Id.*; *see also, e.g.*, *Roe v. Mayorkas*, 2023 WL 3466327, at *17 (D. Mass. May 12, 2023) ("Resolving whether . . . delay is 'egregious' requires a fact-bound analysis that the Court declines to engage in at this early stage of the litigation." (citations omitted)); *Litvin v. Chertoff*, 586 F. Supp. 2d 9, 12 (D. Mass. 2008) ("Plaintiff has presented facts that are not patently frivolous and tend to show that the government has delayed adjudication of Plaintiff's naturalization application for about two years and four months since Plaintiff's fingerprinting. The question of whether that delay is unreasonable goes to the merits of the case, . . . and is better addressed after Parties have engaged in discovery.").

This Court is persuaded that "it is premature to evaluate [Plaintiff's] unreasonable delay claims at the pleading stage using the *TRAC* factors," which "are most properly addressed based on a factual record at the summary judgment stage." *Rezaii*, 2025 WL 750215, at *5. As the *Rezaii* court explained:

> Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . But several of the *TRAC* factors . . . require analysis of facts most likely to be within the exclusive control of the agency. Requiring claims of unreasonable agency delay to plausibly surmount the *TRAC* factors would, contrary to *Twombly* and *Iqbal*, effectively impose a heightened pleading standard that unfairly places a thumb on the scales in favor of the government.

[3] Others have recognized that the extent to which discovery is necessary before applying the *TRAC* factors will be case-dependent. *See, e.g.*, *Queiroz Gomes*, 2026 WL 1815445, at *4 ("[T]o the extent that Plaintiffs argue that the fact-intensive inquiry into the reasonableness of the government's delay is premature at this juncture, . . . they must nonetheless plead sufficient factual matter to state a claim to relief that is plausible on its face. Although there may be cases in which discovery might be required before the *TRAC* factors can offer meaningful guidance, . . . courts can, at least in some cases, determine at the pleading stage whether an unreasonable delay claim may proceed." (cleaned up)).

*Id.* Accordingly, the Court will evaluate Plaintiff's claims under the Rule 8 pleading standards articulated in *Iqbal* and *Twombly*.

Plaintiff alleges that she "has waited over seven years for a decision on her [asylum] appeal and nearly 2.5 years on her motion to terminate." Compl. ¶ 2. "Plaintiff has made multiple status inquiries with no meaningful response or decision from the BIA," *id.* ¶ 13, and "[t]he prolonged delay has caused significant hardship, including uncertainty, inability to fully pursue adjustment of status, and emotional/financial strain," *id.* ¶ 14. At the pleading stage, where further facts concerning agency process and the propriety of agency delay are unlikely to be available to plaintiffs, these factual allegations are sufficient evidence of unreasonable delay. *See, e.g.*, *In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1139 (9th Cir. 2020) ("Repeatedly, courts in this and other circuits have concluded that a reasonable time for agency action is typically counted in weeks or months, not years." (internal quotation marks omitted)); *Core Commc'ns*, 531 F.3d at 859–62 (concluding six-year delay is unreasonable); *In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004) ("FERC's six-year-plus delay is nothing less than egregious."); *In re Bluewater Network*, 234 F.3d 1305, 1316 (D.C. Cir. 2000) (concluding nine-year delay is unreasonable); *In re Int'l Chem. Workers Union*, 958 F.2d 1144, 1150 (D.C. Cir. 1992) (per curiam) (concluding six-year delay unreasonable).

Accordingly, Defendant's motion to dismiss is denied as to both counts.[4]

## IV. <u>**Conclusion**</u>

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

[4] Plaintiff's mandamus claim "rises and falls with [her] ability to state a claim under the APA." *Supra* note 2 (quoting *Muniz*, 2024 WL 624827, at *6 n.1). Accordingly, Defendant's motion to dismiss is denied both as to the APA claim and the mandamus claim. *Cf. Ghasemi v. Rubio*, 812 F. Supp. 3d 129, 140–41 (D. Mass. 2025) ("The Court concludes that Plaintiffs have failed to state a claim under the APA, and, accordingly, the MVA.").

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

Dated: October 2, 2026